UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RAMIREZ GARCIA (A#246-058-144)<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, et al.,<br><br>Respondents. | No. 1:26-cv-05679-DAD-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The record demonstrates that Petitioner is a native and citizen of Mexico who last entered the United States in 2005 without being inspected by immigration officials. He settled in Pacoima, California and built a personal and professional life in that community, including raising six children. ECF No. 1-6 at 2-31 (letters of support from family, friends, and business clients). Immigration and Customs Enforcement ("ICE") detained Petitioner on May 6, 2025 while he was on his way to work. He is currently detained at the California City Immigration Detention Facility located in this judicial district.

During his sixteen months in immigration detention, Petitioner had three bond hearings

scheduled before an immigration judge ("IJ"). On July 16, 2025, an IJ denied bond, finding, "No jurisdiction."[1] ECF No. 1-8. On November 7, 2025, the same IJ convened a "Rodriguez Bond" hearing, and denied bond after finding that "the DHS has established by clear and convincing evidence that… [Petitioner] is a danger to the community."[2] ECF No. 1-9. Petitioner's entire criminal record consists of three misdemeanor convictions: driving under the influence in 2003, spousal battery in 2022, and reckless driving in 2025. On April 23, 2026, a different IJ denied bond once again based on lack of jurisdiction.[3] ECF No. 1-10.

In his § 2241 petition, Petitioner challenges his warrantless arrest without a pre-deprivation hearing (claims one and two); the denial of bond by IJs in violation of due process (claims three and four); and his prolonged detention (claim five). He also asserts a challenge pursuant to the Administrative Procedures Act (claim six).

Respondents filed a one paragraph reply recognizing that "Rodriguez Vazquez v. Bostock, 2026 WL 2196424 (9th Cir. July 30, 2026), holds § 1226(a) governs Petitioner's detention" while still maintaining their argument that Petitioner was properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A).[4] ECF No. 7. Respondents failed to submit any transcript of Petitioner's bond hearings before an immigration judge which are being challenged in this case, despite the Court ordering Respondents to include "any and all transcripts or other documents relevant to the determination of the issues presented in the application." ECF No. 5 at 1.

---

[1] Although the IJ's written order contains no explanation, the Court presumes the denial was based on the Department of Homeland Security policy announced on July 8, 2025 asserting that noncitizens who entered without inspection were subject to mandatory detention under 8 U.S.C. § 1225(b) and, that, as a result, they were not eligible for a custody redetermination hearing before an immigration judge. See Department of Homeland Security Memo, "Interim Guidance Regarding Detention Authority for Applications for Admission" (July 8, 2025).

[2] At the time, individuals detained pursuant to mandatory detention statutes within the Central District of California received a bond hearing after six months of detention pursuant to an injunction in the long-running Rodriguez litigation, No. CV 07-03239 (C.D. Cal.).

[3] The IJ's written order cites Matter of Yajure Hurtado, 29 I.&N. Dec. 216 (BIA 2025) (concluding that immigration judges have no authority to grant bond to noncitizens who entered the United States without inspection by immigration officials and were later apprehended in the interior of the country).

[4] Respondents have waived any challenge to Petitioner's failure to exhaust administrative remedies by not raising it in their answer. Even absent a waiver, exhaustion should not be required in this case based on the irreparable injury to Petitioner that would result.

In light of the lack of a substantive response to claims three and four, as well as the absence of any recording or transcripts of the IJ bond hearings, the undersigned construes the answer as a non-opposition to granting those claims. See Local Rule 230(c); see also Hall v. Mortg. Invs. Grp., 2011 WL 4374995, *5 (E.D. Cal. 2011) ("Plaintiff does not oppose Defendants' arguments regarding the statute of limitations in his Opposition. Plaintiff's failure to oppose ... on this basis serves as a concession[.]"); Singh v. Chiang, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328 *4 (C.D. Cal. Dec. 15, 2025) (construing the failure to address an argument as conceding the argument).

Even though there is no meaningful opposition, the undersigned will briefly explain the reasons why Petitioner is entitled to relief on claims three and four based on the record before the Court. First, Petitioner has never been subject to mandatory detention. Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). Rather, he has been statutorily entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) for the entirety of his detention. Petitioner has been denied those statutory protections for the entirety of his sixteen months of detention, which constitutes a procedural due process violation. See Feng v. Lyons, No. 1:26-cv-0235 DJC SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (finding that the "provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right.").

As to a remedy for this due process violation, there is "a fair amount of flexibility" in fashioning specific habeas relief. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). In similar cases where detained non-citizens have been improperly denied statutory rights for a prolonged period in violation of due process, the undersigned has recommended immediate release from immigration detention as the proper remedy. The question here is whether the "Rodriguez Bond" hearing that Petitioner received should result in a different remedy—for example, a new bond hearing.

The record as to Petitioner's "Rodriguez Bond" hearing does not show what evidence DHS presented to the IJ or how the IJ balanced that evidence against the evidence presented by Petitioner. The IJ's order stated only, "DHS has established by clear and convincing evidence

that the respondent is a danger to the community." ECF No. 1-9 at 2. As a result, there is nothing to indicate that the IJ evaluated the numerous letters of support from Petitioner's family and friends in the community where he resided for over twenty years. Compare ECF No. 1-9 with ECF No. 10-6 at 2-31. The bond order also does not explain why the IJ believed that DHS had shown Petitioner to be a danger to the community by clear and convincing evidence.

The clear and convincing standard requires that the evidence establish "an abiding conviction that the truth of [the] factual contentions at issue is highly probable." Mondaca-Vega v. Lynch, 808 F.3d 413, 422 (9th Cir. 2015) (en banc). It is hard to imagine how Petitioner's criminal history could legitimately bear the weight of a clear-and-convincing finding of dangerousness. As noted above, Petitioner's entire criminal record consists of three misdemeanor convictions: driving under the influence in 2003, spousal battery in 2022, and reckless driving in 2025. Thus, at the time of the bond hearing, two of Petitioner's misdemeanor convictions were three and twenty-two years old, respectively. Petitioner was sentenced to one day of jail for his 2003 conviction, six days of jail for his 2022 conviction, and four days of jail for his 2025 conviction. In short, Petitioner's criminal history was largely stale and had resulted in minimal custodial time from the state's criminal justice system—by any objective measure, it was neither extensive nor serious, and most of it was not recent. See Martinez v. Clark, 124 F.4th 775, 783 (9th Cir. 2024) ("The Guerra factor most pertinent to assessing dangerousness is the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses.").

To be clear, the absence of a bond hearing transcript prevents a conclusive determination as to whether the "Rodriguez Bond" hearing independently violated due process. However, the seemingly inexplicable result of that hearing shows that release remains the most appropriate remedy to address the violation of Petitioner's due process rights identified above.

////

////

////

////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on claims three and four.[5]

2. Respondents be ordered to immediately release Petitioner JUAN RAMIREZ GARCIA (A#246-058-144) from custody on standard conditions of supervision.

3. At the time of release, Respondents be required to return all of Petitioner's documents and possessions.

4. Respondents be prohibited from re-detaining Petitioner without providing Petitioner advance written notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

5. Respondents be ordered to file a Notice of Compliance within three days of any final order of release entered in this case.

6. Any final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of the Court be directed to:

a. Serve a copy of an order of release on the California City Immigration Detention Center; and

b. Enter judgment in Petitioner's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets

---

[5] In the interests of judicial economy, any remaining claims in the § 2241 petition are not addressed.

the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 21, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE