UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RAMIREZ GARCIA,<br>Petitioner,<br>v.<br>TODD BLANCHE, et al.,<br>Respondents. | No. 1:26-cv-05679-DAD-SCR<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br>(Doc. No. 10) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 21, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 10.) Specifically, the magistrate judge determined that petitioner is entitled to release because the government failed to provide him a sufficient bond hearing[1] since

[1] The magistrate judge found that the immigration judge denied petitioner bond on July 16, 2025 and April 23, 2026, based upon a finding that he lacked jurisdiction. (Doc. No. 10 at 2.) Petitioner was also denied bond on November 7, 2025, because "the DHS has established by clear and convincing evidence that . . . [Petitioner] is a danger to the community." (*Id.*) The IJ's order did not elaborate on what evidence was considered in making that determination, and respondents declined to produce transcripts of the hearing, despite the order to include any and all transcripts or documents relevant to the court's determination of the issues presented in the petition. (*Id.*)

his detention on May 6, 2025 and that his continued detention violates his due process rights. (*Id.* at 2–4.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within three (3) days of service. (*Id.* at 5.)

On September 23, 2026, respondents filed objections to the findings and recommendations. (Doc. No. 11.) Therein respondents first object to the recommendation that petitioner be immediately released and argue that petitioner is only entitled to a bond hearing, which he must request. (*Id.* at 1.) It is unclear to the court why respondents argue that petitioner should be required to request a bond hearing, when he apparently made such a request three times during his detention and was consistently denied due process. Notably, respondents do not object to the magistrate judge's finding that the bond hearings provided to petitioner were insufficient to satisfy the statutory or due process requirements (Doc. No. 10 at 3). (*See* Doc. No. 11.) Rather, they simply object to the remedy of immediate relief. Accordingly, the court rejects respondents' first objection. *See Huerta Huerta v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-02301-DAD-CSK, 2026 WL 1552359 (E.D. Cal. June 2, 2026) (finding that immediate release was the appropriate remedy where the government has not advanced any argument that petitioner poses a danger to the community or a flight risk, and the petitioner was been denied his statutory right to a bond hearing for months).

Respondents next object to the magistrate judge's recommendation that petitioner be provided advance written notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). (Doc. No. 11 at 2.) This court and others have consistently enjoined re-detention absent a hearing pursuant to § 1226(a) when a petitioner has been unlawfully detained and denied a bond hearing in violation of due process. *See Vargas Lopez v. Warden, Cent. Valley Annex*, No. 1:26-cv-03666-DAD-CSK (HC), 2026 WL 2018612 (E.D. Cal. July 13, 2026) (ordering immediate release and enjoining re-detention absent a pre-detention hearing consistent with § 1226(a) where the petitioner was denied a bond hearing for five months); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026) (ordering immediate release and enjoining re-detention absent a pre-detention hearing pursuant to § 1226(a) where the government

failed to comply with the requirements of § 1226(a) when the petitioner was initially detained); *see also Silvestre-Mendoza v. Noem*, No. 3:25-cv-03206-RBM-DDL, 2025 WL 3512410 (S.D. Cal. Dec. 8, 2025) (ordering immediate release and enjoining the petitioner's re-detention absent a pre-deprivation bond hearing where the petitioner was improperly detained pursuant to § 1225(b)); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (granting the petitioner's motion for preliminary injunction and enjoining his re-detention absent a pre-deprivation bond hearing where petitioner was wrongfully detained pursuant to § 1225(b) and denied a bond hearing pursuant to § 1226(a)).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on September 10, 2026 (Doc. No. 6) are ADOPTED in full;
2. Petitioner's petition for writ of habeas corpus is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Juan Ramirez Garcia, A-File No. 246-058-144, from respondents' custody;
    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;
3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

/////

/////

/////

/////

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 13, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE